# 15-2143-cv

## United States Court of Appeals

*for the*

## Second Circuit

LOUIS RIVERA,

*Plaintiff-Appellant,*

– v. –

ANJOST CORPORATION and JOSEPH ZARO,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## SUPPLEMENTAL APPENDIX

LAW OFFICE OF ROBERT S. POWERS
*Attorneys for Plaintiff-Appellant*
1540 August Road
North Babylon, New York 11703
(631) 940-7121

VENABLE LLP
*Attorneys for Defendants-Appellees*
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
(212) 307-5500

**i**

# TABLE OF CONTENTS

**Page**

Transcript of Proceedings before the Honorable
Miriam Goldman Cedarbaum, dated June 4, 2015      SA-1

SA-1

1

```
      F64FRIVC
 1    UNITED STATES DISTRICT COURT
 1    SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x
 2
 3    LOUIS RIVERA,
 3
 4                  Plaintiff,
 4
 5          v.                              13 CV 0379 (MGC)
 5
 6    ANJOST CORPORATION and JOSEPH
 6    ZARO,
 7
 7                  Defendants.
 8
 8    ------------------------------x
 9                                          New York, N.Y.
 9                                          June 4, 2015
10                                          11:30 a.m.
10
11    Before:
11
12              HON. MIRIAM GOLDMAN CEDARBAUM,
12
13                                          District Judge
13
14                         APPEARANCES
14
15    ROBERT S. POWERS, ESQ.
15        Attorney for Plaintiff
16
16    ADAM POSSIDENTE, ESQ.
17        Attorney for Defendant
17
18
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

SA-2

```
                                                                     2
          F64FRIVC
     1              (Case called)
     2              (In chambers)
     3              THE COURT:  This is a motion for summary judgment.
     4    Who is here on behalf of the plaintiff?
     5              MR. POWERS:  Robert Powers, 1540 August Road, North
     6    Babylon.
     7              THE COURT:  Go ahead.
     8              MR. POSSIDENTE:  It's the defendant's motion actually,
     9    your Honor.
    10              THE COURT:  I'm sorry, that's what I wanted.
    11    Proponent of the motion.  You are moving to dismiss, right?
    12              MR. POSSIDENTE:  Correct, and Adam Possidente from
    13    Venable LLP and yes, your Honor, we're moving to dismiss this.
    14    This is a wage and hour case under the FLSA and the New York
    15    labor law.  Plaintiff contends that he is owed overtime pay and
    16    defendants have, I believe, proven to sustain summary judgment
    17    that he is in fact an exempt employee who is exempt under the
    18    FLSA and the Labor Law's analogous executive exemption statute.
    19              THE COURT:  And this is an FLSA in which there is only
    20    one plaintiff?
    21              MR. POSSIDENTE:  It's a single plaintiff, correct,
    22    your Honor.  It's neither a collective or a class action.
    23              THE COURT:  You mean nobody has joined to make it a
    24    collective.
    25              MR. POSSIDENTE:  I don't think it was pled as a
```

SA-3

                                                               3
        F64FRIVC
 1   collective action, as a matter of fact.
 2           THE COURT:  To go under the FLSA it has to be pled
 3   that way.
 4           MR. POSSIDENTE:  Either way, at this point it's a
 5   single plaintiff case so one way or another plaintiff hasn't
 6   made any effort to try to make this a collective action.
 7           THE COURT:  Have you submitted a statement of the
 8   undisputed facts in accordance with the law?
 9           MR. POWERS:  Yes, I have, your Honor.
10           THE COURT:  And what undisputed facts have you
11   established that brings your client under the FLSA, that makes
12   him treated as an hourly employee and paid as an exempt
13   employee?  Isn't that what you're claiming?
14           MR. POWERS:  He would -- what I'm claiming is
15   defendants in order to get exempt status they have to comply
16   with the requirements of the statute.
17           THE COURT:  But on a motion for summary judgment it is
18   the undisputed facts that I must look to, isn't that right?
19           MR. POWERS:  Correct.
20           THE COURT:  All right.  Now, what are the undisputed
21   facts that this defendant was an hourly employee -- this
22   plaintiff, excuse me, was an hourly employee?
23           MR. POWERS:  Well, he wasn't an hourly employee.  He
24   was paid on a daily basis but under the regulations you don't
25   get exempt status unless you complied with certain requirements
                 SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

```
                                                          4
      F64FRIVC
 1    and one of those requirements is you have to pay them on more
 2    than a -- you have to pay them on at least a weekly basis.  So
 3    the issue --
 4              THE COURT:  And your client was not paid on a weekly
 5    basis?
 6              MR. POWERS:  Our claim is that he was paid on a daily
 7    basis.  His wage was determined on a daily basis and in order
 8    for them to get an exemption the employment arrangement would
 9    have had to include a guarantee that he would have received a
10    weekly amount that wouldn't have been subject to any reduction
11    based on hours.
12              THE COURT:  Was his salary ever reduced on the basis
13    of hours worked?
14              MR. POWERS:  It was increased because he worked for
15    hours.  He never worked less than a five-hour week in his six
16    or seven-year tenure with the defendants.  So the issue is
17    whether or not he was guaranteed that weekly salary.
18              THE COURT:  But he was paid that weekly salary, is
19    that correct?
20              MR. POWERS:  He was paid an amount that was equivalent
21    to a five-day week on a weekly basis than if he worked six or
22    seven days he received additional income.  So his wages were
23    based on a daily rate.
24              THE COURT:  Not on a weekly rate?
25              MR. POWERS:  No, not on a weekly rate.
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

SA-5

                                                                    5
        F64FRIVC
 1              THE COURT:  Was there any week that he was docked?
 2              MR. POWERS:  No.  Because he worked every week.  He
 3      didn't not work less than either a five or six-day week.  If
 4      you include sick days or vacation days which he took, whatever
 5      their practice was.
 6              THE COURT:  And what was his job?
 7              MR. POWERS:  He ran one of the commissaries.
 8              THE COURT:  Was he the chef in that commissary or the
 9      manager of the commissary?
10              MR. POWERS:  He was both a chef and a manager.
11              THE COURT:  Now, isn't that normally what we call an
12      exempt job under the FLSA?
13              MR. POWERS:  There's no dispute that he would be
14      entitled to exempt status under the FLSA based on the work that
15      he performed.  That's not the issue in the case.  The issue in
16      the case is whether the defendants complied with the
17      requirements for the payment of a --
18              THE COURT:  Tell me that again.  There's no dispute
19      about what?
20              MR. POWERS:  There's no dispute about whether or not
21      he was entitled to exempt status.
22              THE COURT:  Well, isn't that what you're complaining
23      about, that he was treated as having exempt status?
24              MR. POWERS:  No.  What I'm saying is in order for an
25      employer to pay an exempt employee on a salary basis they have
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

```
                                                              6
       F64FRIVC
 1     to comply with the salary requirement under the statute and if
 2     they don't, then he's not a salaried employee.
 3              THE COURT:  If he's paid on a salaried basis that
 4     makes him a salaried employee.
 5              MR. POWERS:  If the salaried basis complies with the
 6     statute.  Correct.
 7              THE COURT:  Well, is there any evidence, have you
 8     supplied any evidence that he was ever docked for hours?
 9              MR. POWERS:  He was -- no, he was not docked because
10     he worked -- as his declaration indicates he worked at least
11     five days a week every week for the entire time that he was
12     there.
13              THE COURT:  What evidence is there that there was ever
14     a practice of reducing his salary by hours?  Because that's
15     what the FLSA is about.
16              MR. POWERS:  No -- yes.  If he was docked for not
17     working that time.  But the FLSA requires, on a salary basis
18     requires a guarantee of at least a minimum weekly amount.  My
19     contention is that there was no guarantee.
20              THE COURT:  Did he receive a weekly amount?
21              MR. POWERS:  He received an amount every week for the
22     number of --
23              THE COURT:  FLSA is not an idle statute.  It's to
24     insure that he receives what an exempt employee is entitled to,
25     isn't that right?  The question is, is he an hourly employee.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

SA-7

```
                                                                    7
     F64FRIVC
 1   Because only hourly employees get overtime hours.
 2             MR. POWERS:  No.  You could have an employee that is
 3   exempt that loses the exempt status if you don't comply with
 4   the salary requirements of the statute.
 5             THE COURT:  I don't know what that means.
 6             MR. POWERS:  Under the statute you have to pay
 7   somebody --
 8             THE COURT:  The salary requirements are that if he is
 9   entitled to hourly wages he's entitled to overtime for overtime
10   hours, isn't that right?
11             MR. POWERS:  No.  The statute requires that a salary
12   be based on an amount that the employee receives a
13   predetermined amount on a weekly basis.
14             THE COURT:  Isn't that what happened here?
15             MR. POSSIDENTE:  Yes.
16             MR. POWERS:  No, it wasn't a predetermined amount.
17             THE COURT:  How was it determined?
18             MR. POWERS:  It was determined by the number of days
19   that he worked.  It wasn't predetermined that he received X
20   amount for the week.  If he worked a day he received whatever
21   the --
22             THE COURT:  Did he ever work any other amount?
23             MR. POWERS:  He worked either five, six or seven days.
24             THE COURT:  And that was a week's employment in each
25   case, isn't that right?
                     SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

SA-8

8

F64FRIVC
```
 1          MR. POSSIDENTE:  Well, sort of, your Honor, if I could
 2   interject.  He was paid a salary and the documentary evidence,
 3   including Mr. Rivera's deposition transcript, establishes that
 4   he was paid a salary.  We submitted earnings statements, which
 5   indicated each week he received a salary.  We submitted other
 6   documents called personal profile sheets.  Those records are
 7   documents that the defendant maintains to keep employee
 8   information such as name, age, date of birth, Social Security
 9   number, and here, critically, wage rate and method of payment
10   and those documents indicate he was paid a salary.
11          Based on that and based on the admissions in the
12   record -- for example, we showed Mr. Rivera during his
13   deposition a series of these, of his earnings statements and he
14   admitted after each one of them that he was indeed paid a
15   salary.  For example, on page 96, line 24 to page 97, line 3
16   reads as follows:
17   "Q.  And this, again, is your earnings statement reflecting a
18   regular salary wage of $850 a week, correct?
19   "A.  Yes, sir."
20          Same thing at page 103, lines 15 to 20.  Again,
21   referring to an earning statement.
22          "Again, it," the earnings statement, "reflects regular
23   earnings of $1,097 in salary, correct?"
24          "Yes, sir."  So those admissions are emblematic of
25   what his testimony is.  He continually repeats that he was paid
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

9

F64FRIVC
1   a salary.  I think the response that plaintiff just offered was
2   he was only paid, he was paid a set amount for five days.  Of
3   course he was paid a set amount for five days.
4              THE COURT:  That's his salary.
5              MR. POSSIDENTE:  That's his salary.  There's no
6   evidence in the record that he ever worked less than five days
7   and wasn't paid a full week.  In fact, the 56.1 that plaintiff
8   submitted in response admits that, paragraph 10 admits that,
9   "for the five sick days and two personal days that plaintiff
10  received he did not have to work those days to receive his pay
11  for that day."  So, in other words, plaintiff would have a week
12  where he would take sick or personal time.  He'd work less than
13  a five-day week and he was paid for a five-day week.  He was
14  paid a salary.
15             THE COURT:  Right.
16             MR. POSSIDENTE:  To the extent there's any issue here,
17  it comes from this, which is plaintiff's policy of paying
18  Mr. Rivera additional compensation for additional time worked.
19  So plaintiff was paid a regular --
20             THE COURT:  He was never docked for a failure to work
21  a certain number of hours.
22             MR. POSSIDENTE:  There's no evidence anywhere here and
23  I think plaintiff would have to admit that there's no evidence
24  here that he was ever docked.  I mean, indeed plaintiff says,
25  this is paragraph 12 of his 56.1 response.  "Plaintiff always
                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

SA-10

10

F64FRIVC
1   received his five days pay for each week since he always worked
2   at least five days a week."  Now, put aside the fact that that
3   is logically inconsistent with the fact he took sick time and
4   worked less, but it's an admission that he never was docked for
5   pay and there's no evidence in the record that he ever was
6   docked by pay.
7              THE COURT:  Is there any evidence in the record that
8   was submitted by Flynn that anyone was ever docked who worked
9   as a manager?
10             MR. POSSIDENTE:  No.
11             THE COURT:  Is there any doubt that this man worked as
12  a manager?
13             MR. POSSIDENTE:  No.  Plaintiffs -- in fact, the first
14  four paragraphs of plaintiff's 56.1 response admit to facts in
15  defendant's 56.1 response that would establish each and every
16  element of the exempt, the executive exemption test except for
17  the salary basis.  And plaintiff's deposition transcripts
18  admits repeatedly to the fact he was paid on a salaried basis.
19  So you put those series of admissions together and there's no
20  dispute he was paid a salary basis and therefore that he's an
21  exempt employee.
22             THE COURT:  You have no evidence and none has been
23  submitted that the plaintiff or that the defendants had a
24  policy of reducing the salary of any exempt employee, have you?
25             MR. POWERS:  No.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

SA-11

```
                                                              11
       F64FRIVC
 1             THE COURT:  And the Supreme Court has said that you
 2     need such evidence to show a violation of the FLSA.
 3             MR. POWERS:  Well, that's if they were paying him on a
 4     weekly or annual salary that you would need that, that's
 5     correct.  My contention --
 6             THE COURT:  There has to be a policy or practice on
 7     the part of the employer to dock anybody who comes late or
 8     misses a day of work, isn't that correct?  Isn't that what the
 9     Supreme Court has held repeatedly, an hour?
10             MR. POWERS:  That's correct, with respect to persons
11     that are paid on a -- in this case it's slightly different
12     because he's paid on a -- his salary is based on, or his
13     compensation is based on a daily rate.
14             THE COURT:  Not on an hourly rate?
15             MR. POWERS:  Not hourly, daily.
16             THE COURT:  What is it they failed to pay him, then?
17     What is the monetary claim?
18             MR. POWERS:  If they don't satisfy the salary basis
19     under the statute then he's no longer --
20             THE COURT:  He has to be suing for money, isn't that
21     right?
22             MR. POWERS:  Correct.  Then he would be entitled --
23             THE COURT:  What kind of overtime are you claiming?
24             MR. POWERS:  He worked anywhere from 72 to 80 hours a
25     week.
```

SA-12

12

F64FRIVC
1          THE COURT:  Are you claiming that he worked more hours
2    during the week than they were entitled to let him work?
3          MR. POWERS:  No, I'm claiming that the salary
4    exemption under the FLSA is lost when the employer doesn't
5    guarantee at least a minimum weekly amount.
6          THE COURT:  I see.  Well, that's not my understanding
7    of the FLSA.
8          MR. POSSIDENTE:  It's really, it's also really of no
9    moment here.
10         THE COURT:  It's only if it's an hourly rate that
11   we're talking about.
12         MR. POSSIDENTE:  And the other point here, your Honor,
13   is that, that dispute, while relevant and we agree with the
14   Court isn't at issue here because he was, plaintiff was paid --
15         THE COURT:  His salary was never reduced.
16         MR. POWERS:  It was never reduced and he received --
17   there's no evidence really proffered to establish that he was
18   not paid a salary and to the contrary the undisputed evidence
19   between Mr. Rivera's repeated admissions that he received a
20   salary which I read into the record and we submitted as Exhibit
21   I is replete with admissions of where he repeatedly admitted in
22   response to each earnings statement that each earnings
23   statement he received, which is a weekly document, reflected he
24   received a salary every week.  There's no showing he didn't
25   receive a salary.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

SA-13

13

F64FRIVC
1          What Mr. Powers is trying to do is to conflate
2     defendant's permissible policy of paying him additional
3     compensation when he worked additional time beyond his normal
4     work week and say, well, because he received extra time for
5     extra work he received less time for less work.  There's no
6     evidence proffered that he ever received less time for less
7     work and the applicable regulations are clear when a salaried
8     employee can receive extra time for extra work.  Indeed, 29 CFR
9     541.604(a) provides, "An employer may provide an exempt
10    employee with additional compensation without losing the
11    exemption or violating the salary basis requirement if the
12    employment arrangement also includes a guarantee of at least a
13    minimum weekly required amount paid on a salary basis."
14          THE COURT:  And that was complied with.
15          MR. POSSIDENTE:  That was complied with.  There's no
16    dispute that Mr. Rivera received his weekly salaried amount
17    each and every week.  The earnings statements reflected that.
18    His admissions at deposition reflect that and other corporate
19    records establish he was a salaried employee.
20          THE COURT:  In addition to which there's no record of
21    anybody in his category being docked.
22          MR. POSSIDENTE:  No.  Plaintiff has made no
23    affirmative statement on that.  Indeed, the 56.1 that plaintiff
24    submitted actually doesn't even deny any of these statements.
25    So, for example, we submitted a 56.1 that says -- paragraph 6
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

14

F64FRIVC

1   of defendant's 56.1 says, "When he was hired plaintiff received
2   a salary of $850 a week" and we cite to admissible evidence;
3   personal profile sheet and plaintiff's earnings statements
4   reflecting that salary.  Plaintiff's response is -- paragraph 6
5   of plaintiff's 56.1 says, "When plaintiff was first hired he
6   received the sum of $850 for five days' work."
7        First of all there's, no citation to any admissible
8   evidence in plaintiff's 56.1 claim.  This is just a bald claim.
9   Point two is he doesn't deny the statement.  He recasts what
10  defendant said in different words.  And the Southern District
11  and Second Circuit are clear on a 56.1 response, statements not
12  explicitly denied by citations to admissible evidence are
13  deemed admitted.
14       Plaintiff's 56.1 contains no explicit denials and
15  contains almost no references to with the exception of a few
16  pages of transcript to no admissible evidence.  The declaration
17  which plaintiff submitted is largely inadmissible because it
18  contradicts his prior deposition testimony which is
19  impermissible under Second Circuit case law.  He can't defeat
20  summary judgment by submitting a declaration.
21       The deposition is clear.  Plaintiff was paid a salary.
22  He was also paid in addition to that salary for additional work
23  when he worked extra time.  That's totally permissible under
24  the CFR under applicable case law in this district and the
25  Eastern District.  There was no showing he was ever docked pay.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

SA-15

15

F64FRIVC

 1    There's been no showing that he ever, if he worked three days a
 2    week he received three days of work.  There's no showing for
 3    that.  In fact, plaintiff's admissions in his 56.1 admitted
 4    that he took sick time, personal time, vacation time and didn't
 5    have to work those days.  In other words, there were weeks when
 6    he worked less than five days and was still paid his full
 7    salary.  So there's just no dispute on the record here that
 8    plaintiff was a salaried employee.
 9            THE COURT:  Yes.  I think it is undisputed that the
10    plaintiff here fits the category of exempt employee in the
11    FLSA.  He was paid on a salaried basis receiving at least $455
12    per week.  He had management responsibilities and he
13    customarily directed the work of two or more other employees
14    and was himself, the plaintiff was involved in personnel
15    decisions including hiring and firing.  All of the
16    characteristics that the rules require for an exempt employee
17    under the FLSA.  Accordingly, plaintiff's motion for summary
18    judgment -- excuse me, defendant's motion for summary judgment
19    is granted.  The undisputed facts are defeated by the facts of
20    this case.  The required undisputed facts.
21            MR. POSSIDENTE:  Thank you, your Honor.
22            THE COURT:  Accordingly, the motion for summary
23    judgment is granted.
24            MR. POSSIDENTE:  Thank you, your Honor.
25            (Adjourned)

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300